594 So.2d 922 (1992)
Barry BAGERT
v.
STATE of Louisiana, BOARD OF ETHICS FOR ELECTED OFFICIALS.
No. CW 91 0166.
Court of Appeal of Louisiana, First Circuit.
January 3, 1992.
Before SHORTESS, LANIER and CRAIN, JJ.

ON APPLICATION FOR REHEARING
PER CURIAM:

THE BOARD'S ENTITLEMENT TO A REHEARING BEFORE A 5-JUDGE PANEL
The Board has applied for a rehearing before a 5-judge panel and asserts the following rationale:

*923 "1.
The Board of Ethics for Elected Officials (the "Board") is entitled to a rehearing of the October 18, 1991 ruling and opinion of this Honorable Court as a matter of law pursuant to the provisions of Article V, Section 8(B) of the Constitution of the State of Louisiana. This Article of the Constitution of the State of Louisiana provides that whenever a judgment is "to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render the judgment." (Emphasis added.)
2.
In these proceedings, the opinion of the Board of Ethics for Elected Officials has been reversed by a majority of the participating judges of a panel of the Court of Appeal, First Circuit, with one judge dissenting. This Honorable Court noted in Board of Commissioners, Fifth Louisiana Levee District and Michael O. Hesse vs. Commission on Ethics for Public Employees, 484 So.2d 845 (La. App. 1st Cir., 1986), that the Commission on Ethics for Public Employees (and thus the Board of Ethics for Elected Officials) is likened to a District Court as it is the administrative forum of first impression...."
La. Const. of 1974, art. V, § 8(B) provides as follows:
A majority of the judges sitting in a case must concur to render judgment. However, in civil matters only, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment. (Emphasis added)
The questions presented by the Board are whether it is a district court and whether its decisions are judgments for purposes of Article V, § 8(B).
Constitutional provisions are construed and interpreted by the same rules as other laws. Aguillard v. Treen, 440 So.2d 704 (La.1983). See La.R.S. 1:1 et seq. and La.C.C. art. 9 et seq. Two of the basic rules of construction are (1) when a law is clear and free from ambiguity, it must be given effect as written, and (2) laws pertaining to the same subject matter should be construed in reference to each other. See P & G Retailers, Inc. d/b/a Rainbow Market v. Wright, 590 So.2d 1272 (La.App. 1st Cir.1991) and the authorities cited therein.
Pursuant to La. Const. of 1974, art. II, § 1, the powers of government of the State of Louisiana are divided into three separate branches: (1) legislative, La. Const. of 1974, art. III; (2) executive, La. Const. of 1974, art. IV; and (3) judicial, La. Const. of 1974, art. V. No one of these branches nor any person holding office in one of them, shall exercise power belonging to either of the others, except as specifically provided for in the constitution. La. Const. of 1974, art. II, § 2.
District courts are part of the judicial branch of State government and are provided for in La. Const. of 1974, art. V, §§ 14-17. The legislature has further provided for district courts in Chapters 4 and 5 of Title 13 of the Louisiana Revised Statutes. District courts for parishes other than Orleans are provided for in La.R.S. 13:471-997; district courts for Orleans Parish are provided for in La.R.S. 13:1001-1384. The constitutional and statutory provisions pertaining to district courts do not mention the Board. The word "court" is defined, in pertinent part, in Black's Law Dictionary, p. 318 (5th ed. 1979) as follows:
An organ of the government, belonging to the judicial department, whose function is the application of the laws to controversies brought before it and the public administration of justice. The presence of a sufficient the full and regular performance of its functions. A body in the government to which the administration of justice is delegated. A body organized to administer justice, and including both judge and jury. An incorporeal, political being, composed of one *924 or more judges, who sit at fixed times and places, attended by proper officers, pursuant to lawful authority, for the administration of justice. An organized body with defined powers, meeting at certain times and places for the hearing and decision of causes and other matters brought before it, and aided in this, its proper business, by its proper officers, viz., attorneys and counsel to present and manage the business, clerks to record and attest its acts and decisions, and ministerial officers to execute its commands, and secure due order in its proceedings.
The words "court" and "judge," or "judges," are frequently used in statutes as synonymous. When used with reference to orders made by the court or judges, they are to be so understood.
For other pertinent definitions of a court, see La.C.C.P. art. 5251(4); La.C.J.P. art. 13(1), which will be La.Ch.C. art. 116(4) effective January 1, 1992; La.C.Cr.P. art. 931(1) and Official Revision Comment (a) therefor.
La. Const. of 1974, art. X, § 21 provides as follows:
The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature with qualifications, terms of office, duties, and powers provided by law. Decisions of a board shall be appealable, and the legislature shall provide the method of appeal.
The Board was created pursuant to this constitutional mandate. La.R.S. 42:1132 et seq. This legislation is found in Part III Administration, Procedure and Enforcement, of Chapter 15Code of Governmental Ethics, of Title 42Public Officers and Employees, of the Louisiana Revised Statutes. The Board is not part of the judicial branch of State government. Pursuant to La. Const. of 1974, art. IV, § 1(B) and art. XIV, § 6, the legislature was mandated to allocate the functions of the executive branch of State government into not more than twenty departments not later than December 31, 1977. This was accomplished by enactment of Title 36 of the Revised Statutes in the Executive Reorganization Act, Acts 1977, No. 83, effective June 22, 1977. La.R.S. 36:4 establishes the twenty departments, among which is the Department of State Civil Service. La.R.S. 36:53(C) provides as follows:
C. The following agencies, as defined by R.S. 36:3, are transferred to and hereafter shall be within the Department of State Civil Service, as provided in R.S. 36:809:
(1) Commission on Ethics for Public Employees (R.S. 42:1101 et seq.)
(2) Board of Ethics for Elected Officials (R.S. 42:1101 et seq.)
La.R.S. 36:3(1) defines an "agency", such as the Board, as follows:
(1) "Agency" means and includes the boards, commissions, departments, agencies, offices, officers, and other instrumentalities, or any or all of these, within the executive branch of state government which are abolished by this Title of which are transferred and placed within departments of the state government created and established or continued by this Title or transferred to and placed within the office of the governor as provided by this Title. (Emphasis added)
La.R.S. 42:1132(A) provides as follows:
A. Board established. There is hereby established in the Department of Civil Service the Board of Ethics for Elected Officials to be domiciled in the city of Baton Rouge.
Finally, La.R.S. 42:1135 provides as follows:
Any valid regulation, decision, or order of an ethics body shall be enforceable in any court of competent jurisdiction in this state by a mandamus or injunction suit brought for that purpose. The district court for the parish wherein the board and commission are domiciled shall have authority to convert a valid final decision or order of the board or commission into a court order, upon receipt from the appropriate ethics body of a rule to show cause for that purpose. (Emphasis added)
*925 This statute clearly contemplates that an ethics board is not a district court and an ethics board decision or order is not a judgment.
A judgment is the determination of the rights of the parties in an action (suit) and may award any relief to which the parties are entitled; a judgment may be interlocutory or final. La.C.C.P. art. 1841. A final judgment must be (1) signed by a judge, (2) sent to the clerk of the parish in which the action is pending, and (3) identified as a final judgment by appropriate language. La.C.C.P. arts. 1911, 1912 and 1918. Interlocutory judgments are entered into the minutes of the court. La.C.C.P. art. 1914. Pursuant to La.R.S. 42:1143, the Board is subject to the provisions of the Louisiana Administrative Procedure Act (LAPA), La. R.S. 49:951 et seq. Pursuant to La.R.S. 49:951(2), the LAPA is not applicable to the courts. La.R.S. 49:958 provides as follows:
A final decision or order adverse to a party in an adjudication proceeding shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency rules, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding. Parties shall be notified either personally or by mail of any decision or order. Upon request, a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record. The parties by written stipulation may waive, and the agency in the event there is no contest may eliminate, compliance with this Section.
Thus, it is clear that a final decision or order of the Board is not a final judgment of a district court.
After reviewing the pertinent constitutional and statutory law, we must conclude that the Board is not a district court for purposes of La. Const. of 1974, art. V, § 8(B), or for any other purpose; rather, the Board is an administrative agency in the executive branch of State government. Accordingly, the Board is not entitled to a rehearing before a 5-judge panel.

THE AUTHORITY OF THE PARISH TO REMOVE MEMBERS OF THE DISTRICT
On original hearing, the dissenting judge herein observed that "[N]ot only does the police jury appoint six of the seven commissioners to the Hospital Service District, it has the power to revoke the appointments at will." (Emphasis added). In its application for a rehearing, the Board states, in pertinent part, the following:
The Board of Ethics for Elected Officials has rendered an advisory opinion to Mr. Bagert, the thrust of which is to conclude that the aforementioned transaction is under the "supervision and jurisdiction" of the Police Jury. Judge Shortess, dissenting from the determination by the majority of the panel of this Honorable Court, agreed with the Board of Ethics for Elected Officials. "Not only does the Police Jury appoint six of the seven commissioners to the Hospital Service District," states Judge Shortess, "it has the power to revoke the appointments at will."
The statement by the dissenting judge that the Parish can remove a member of the District at will is in error. Section 2(B)(3) of Act 180 of 1984 provides as follows:
Any appointing authority may revoke the appointment of a member for explicitly stated cause upon a majority vote of a quorum of its membership. (Emphasis added)