KNOLL, Judge.
Austin Miller appeals the hearing officer’s limitation of his right to worker’s compensation disability benefits to a two week period. The hearing officer determined that Miller suffered a compensable injury, a torn rotator cuff, when he fell into a deep ditch. However, because Miller suffered a stroke unrelated to his employment, after his fall, the hearing officer concluded that Miller was only entitled to worker’s compensation benefits for a two week period, since the intervening stroke precluded him from undergoing surgery to repair the torn rotator cuff.
Miller appeals contending that the hearing officer erred in: (1) not finding him totally disabled; (2) not finding him entitled to medical treatment; (3) failing to alternatively find him entitled to supplemental earnings benefits; and, (4) not finding his employer’s insurer arbitrary and capricious and thus liable for penalties and attorney’s fees.
FACTS
On or about February 2, 1991, Miller, who was 73 years of age at the time of his work-related accident, fell 10 to 15 feet into a ditch while working for Roger Miller Sand, Inc. (Miller Sand). Miller did not consult a physician for treatment of his shoulder injury until after his termination from work on March 31, 1991. When Miller sought medical treatment from Dr. Lester Ancelet, a general surgeon, on April 26,1991, it was determined that Miller suffered a substantially torn rota-tor cuff in his right shoulder. In addition, Dr. Ancelet found that Miller also suffered a stroke. Dr. Ancelet referred Miller to an orthopedic surgeon, Dr. Thomas Ford.
Dr. Ford confirmed Dr. Ancelet’s diagnosis when he examined Miller on May 10, 1991, and further noted significant arthritis in the same shoulder. He opined that Miller needed an examination by a neurologist before it could be determined what treatment was available for the shoulder. Because of Miller’s stroke, Dr. Ford thought that surgical intervention was not called for; instead, he chose at the time of his examination to inject Miller’s shoulder and started him on anti-inflammatory medications.
*1178 On October 4, 1991, Dr. L. Lazaro, III, an orthopedic surgeon, examined Miller on referral by Miller Sand’s worker’s compensation insurer, CIGNA. Dr. Lazaro confirmed the prior medical diagnoses and made the following assessment of disability, “As all things being equal if this gentleman had never had a CYA [stroke] and at age 73 had sustained a supra spinatus tear with the resultant loss of motion that he has superimposed upon the arthritic change and the discomfort that he complains of in the shoulder area, I would assign him a 55% to 65% impairment to the shoulder.” Dr. Lazaro further admitted that it was almost impossible to differentiate between the torn rotator cuff, the arthritis, and the stroke when he was asked to address the question of the cause for Miller’s shoulder pain and disability-
After hearing this medical evidence and the testimony of Miller and Miller Sand, the hearing officer concluded as follows:
“1) Claimant, at 73 years old, suffered a compensable work-related injury on February 4, 1991, falling 10-15 feet into a ditch, from which he suffered a substantially torn rotator cuff in his shoulder.
2) Claimant continued to work for defendant-employer until March 31, 1991, at which time his employment was terminated.
3) Claimant suffered a stroke shortly thereafter, in the middle of April, 1991.
4) Claimant’s February 4th work-related injury was disabling, rendering him unable to perform his pre-injury job duties. This finding is consistent with Drs. Lester An-celet, Thomas Ford, and L. Lazaro.
5) Claimant could have returned to some form of work, or would have been capable thereof, after surgery to repair the rotator cuff, but the stroke had precluded claimant as a surgical candidate (Dr. Ford’s deposition).
6) The stroke suffered in mid-April, 1991, would have rendered claimant totally disabled, regardless of the work-related accident.
The Court[1] feels a great deal of sympathy for claimant and fully understands what he has lost as a result of his disability. However, the Court believes that his condition of total disability is a result of his suffering a stroke in mid-April of 1991. Had he not suffered that stroke, or the other one which he suffered shortly before the trial, the rotator cuff would have been repaired, which means that his disability for the work-related incident was for a limited time, not permanent — which his condition is now because of the stroke. In addition, there is no evidence that shows that the work-related accident caused or contributed to the stroke. Therefore, it is the opinion of the Court that claimant is entitled to disability indemnity benefits only until he suffered his devastating stroke in mid-April.
⅛ ⅜ ⅜ ⅛ ⅜ ⅜
In the present case, claimant is permanently disabled, but only as a result of a non-work-related incident, that is, the mid-April, 1992 [sic] stroke. The work-related accident has nothing to do with this development. At most, the work-related incident would have entitled claimant to a limited period of indemnity, but the stroke Has made the possible length of this period a hypothetical, and has made further medical treatment of the injury untenable.”
DISABILITY DETERMINATION
Miller contends that the hearing officer was manifestly erroneous in failing to find him totally disabled because of his torn rota-tor cuff. He argues that the medical evidence preponderates that even without the intervening stroke, he would not have been able to return to work with Miller Sand.
A claimant who seeks worker’s compensation benefits on the basis he is temporarily totally disabled bears the burden of proving such disability by clear and convincing evidence. LSA-R.S. 23:1221(l)(c). While the worker’s compensation laws are construed liberally in favor of the claimant, that interpretation cannot lessen the claimant’s burden. Prim v. City of Shreveport, *1179 297 So.2d 421 (La.1974). Disability can be proven by medical and lay testimony. The hearing officer must weigh all the evidence, medical and lay, to determine if the claimant has met his burden. Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980). A hearing officer’s findings of fact may not be set aside on appeal in the absence of manifest error. Furthermore, where there is a conflict in the testimony, reasonable inferences of fact should not be disturbed on review. Johnson v. Ins. Co. of N. America, 454 So.2d 1113 (La.1984).
When we examined each of the medical depositions referred to by the hearing officer, we find clear support for the conclusions he reached that Miller suffered a com-pensable work-related accident; that the work-related injury to his shoulder rendered him unable to perform his pre-injury job duties; and, that “but for” the stroke, Miller could have returned to some form of work after surgery to repair the torn rotator cuff.
Although, as asserted in Miller’s brief, Dr. Ancelet opined that Miller’s torn rotator cuff was permanent, we find nowhere in the deposition that Dr. Ancelet was asked whether the arm injury would have been permanent if Miller could have successfully undergone surgery. Likewise, even though Dr. Lazaro’s written medical report states that Miller was disabled, he never stated an opinion on either the possibility of surgery to repair the rota-tor cuff or what the period of disability would be if surgery were successful.
To the contrary, Dr. Ford’s testimony clearly states that with surgical intervention, the claimant, even with his arthritic condition, could return to some type of employment within four months. However, due to Miller’s stroke, surgical intervention was not an appropriate treatment.
We cannot agree with the hearing officer that Miller was only entitled to receive weekly compensation benefits until the date of the intervening stroke. Our research shows that the identical issue presented herein was considered in Schembeck v. Argonaut Instirance Company, 212 So.2d 742 (La.App. 4th Cir.1968). In Schembeck, the trial court found that the claimant received a work-related injury in an automobile accident. Eight months after his work-related injury, the claimant suffered a stroke which was in no way causally connected to the accident. Faced with these facts, our brethren of the Fourth Circuit affirmed a trial court award of worker’s compensation benefits, weekly payments as well as medical benefits, for the 4 to 8 week period of time after initial treatment of the work-related injury, the time within which the medical evidence showed the claimant would have normally recovered from his work-related accident. We find this treatment of determining a compensation award in face of an ensuing nonwork-related injury more equitable and in keeping with the principles of worker’s compensation.
In light of Schembeck, we find that the hearing officer was manifestly erroneous in terminating weekly compensation benefits after two weeks of disability. Based on Dr. Ford’s unrefuted testimony, the facts show that weekly compensation benefits should have been awarded through July 31, 1991, a four month period, the maximum recuperative period even if surgery would have been possible. The judgment of the hearing officer will be amended accordingly.
Furthermore, Miller contends that the hearing officer erred when he failed to award medical benefits. The employer or his insurer must provide all necessary medical care and treatment for the work-related injury. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993). Dr. Lazaro’s testimony is unrefuted that even without surgical intervention, Miller should receive anti-inflammatory medications as well as physical therapy for the treatment of his torn rotator cuff. Accordingly, we will amend the judgment to award medical care and treatment for Miller’s work-related shoulder injury.
PENALTIES AND ATTORNEY’S FEES
Miller next contends that the hearing officer should have awarded statutory penalties and attorney’s fees.
The employer or insurer is liable for statutory penalties for withholding benefits without evidence to “reasonably controvert” the employee’s right to compensation and medical benefits. LSA-R.S. 23:1201. Additional *1180 ly, attorney’s fees are recoverable if the employer or insurer acted arbitrarily, capriciously or without probable cause in refusing to pay or terminating benefits. LSA-R.S. 23:1201.2.
In the present case, it is undisputed that although Cigna, Miller Sand’s worker’s compensation carrier, paid Miller’s medical expenses, it never initiated payment of weekly compensation benefits. Based on the medical evidence which indicated an inability to differentiate between the effects of Miller’s torn rotator cuff and the severely disabling strokes shortly thereafter, we cannot say that the hearing officer erred in failing to award statutory penalties and attorney’s fees.
For the foregoing reasons, the judgment of the hearing officer is amended in part, reversed in part, and recast as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Austin Miller sustained a work-related injury on February 4, 1991.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Austin Miller is entitled to weekly compensation benefits from April 1, 1991, through July 31, 1991.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Miller Sand, Inc. or its worker’s compensation insurer, Cigna Property & Casualty, provide Austin Miller with all necessary medical care and treatment for his torn rotator cuff.
All costs for the hearing before the Office of Worker’s Compensation and for this appeal are assessed to Miller Sand, Inc. and Cigna Property & Casualty.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART, AND RENDERED.
SAUNDERS, J., dissents and assigns written reasons.
WOODARD, J., dissents for reasons assigned by SAUNDERS, J.

. The proper term should be hearing officer.