hSAUNDERS, Judge.
This case presents the question of whether an employer who fails to provide workers’ compensation insurance in accordance with this state’s laws may be absolved for its failure to do so solely on the basis that the employee, at his own expense, was illegally required to purchase insurance. We answer the question negatively, and on that basis reverse in part the conclusions of the hearing officer. An employer’s requirement that its employee pay for. his own workers’ compensation insurance does not reheve the employer of its legal obligation to do so.

\zFACTS

Defendant-appellee, L.H. Bossier, is involved in businesses related to highway construction and repair: Claimant-appellant, Ralph Chevalier, was injured in an accident on November 26, 1985, while driving a truck hauling materials for L.H. Bossier.
At the time of the accident, L.H. Bossier maintained a mix of “employee” and “independent” drivers. The company owned the trucks driven by its employees, and paid the maintenance, operation and insurance costs associated with them. All required payroll deductions were withheld from the paychecks of L.H. Bossier’s employees.
Mr. Chevalier, like the other independent drivers owned his truck and paid ah its maintenance and operation costs during the five (5) years he worked for Bossier before the accident. The only deduction from Mr. Chevalier’s paycheck was a sum submitted by L.H. Bossier to its workers’ compensation insurer, Reliance Insurance Company of Illinois. Like other independent drivers, Chevalier was required by L.H. Bossier to pay for his own workers’ compensation coverage.
After learning from counsel that the deductions from his paycheck violated state law, in May of 1993 Mr. Chevalier filed the present claim against L.H. Bossier seeking to recover from the employer the identical *72 benefits he has received and will receive in the future from the insurance policy for which he paid personally.
Several issues were presented. Two were:
(1) Whether claimant was an independent contractor of the type required to be covered under the Workers’ Compensation Act pursuant to LSA-R.S. 23:1021(6)[1]; and
ls(2) Whether the employer violated LSA-R.S. 23:1163[2] by requiring Mr. Chevalier, as a covered independent contractor, to pay the premiums for his workers’ compensation coverage.
These issues were decided in claimant’s favor, have not been appealed, and are not at issue. Additionally, claimant’s disability is stipulated to be temporary total. Finally, it is stipulated that should he be found entitled to workers’ compensation from his employer, the rate would be $134.60 per week.
Of paramount importance on appeal is the hearing officer's conclusion as to the remaining issues:
(3) Whether Chevalier’s claim for benefits had prescribed; and
(4) Whether claimant was entitled to recover from his employer the full sum of benefits it was obligated by the law to provide him, or only $500.00 in penalties.
14As to these issues, the hearing officer for reasons assigned August 8, 1994, held in favor of claimant as to the third (prescription) issue and in favor of the employer as to the fourth, with regard to which the hearing officer concluded that defendant’s “violation of R.S. 23:1163 entitles claimant only to recovery of a penalty of $500.00 and ... [the] return of premiums paid by claimant.”
Mr. Chevalier assigns as error the hearing officer’s failure to charge claimant’s employer with the requirement that it pay him full workers’ compensation benefits in addition to those received from Reliance in return for the premiums he paid personally. The employer answers the appeal on the issue of prescription.

Benefits Owed

On appeal, the employer concedes that claimant was a covered independent contractor under LSA-R.S. 23:1021(6), supra, n. 1, and therefore entitled to workers’ compensation coverage as a result of his November 1985 accident. Nonetheless, the employer maintains, it can be penalized no more than $500.00 for its failure to do so. It cites LSA-R.S. 23:1163, supra, n. 2.
The employer insinuates that Mr. Chevalier has received benefits thus far from its insurer not because he has paid premiums, but because the Workers’ Compensation Act obligates an employer’s insurer to make payments to injured workers of the insured, L.H. Bossier in this case. Thus it claims to be due a credit for the benefits paid claimant *73 by its insurer, notwithstanding its not having paid the premiums. Meanwhile, claimant contends that it would be unfair to credit the employer when it was him and not the insured who paid the premiums. According to the claimant, he remains entitled to workers’ compensation benefits from his employer.
We agree with the employee. The fact that the employee receives benefits for which he has paid premiums does not entitle the employer to an offset under LSA-R.S. 23:1225(C)(l)(c); Town of Berwick v. Justilian, 93-854 (La.App. 3d Cir. 3/2/94); |5 634 So.2d 1365, 1368-69. Also, to permit an employer to benefit from a collateral source to the detriment of the employee who paid for it would be wholly unfair, see generally, Malone and Johnson, Workers’ Compensation Law and Practice, § 372, at 301-305 (3d Ed.1994); would permit a direct reduction of the compensation benefits to which claimant is specifically entitled under LSA-R.S. 23:1021(6); and would be in direct contravention of LSA-R.S. 23:1163. See Bryant v. New Orleans Public Service, Inc., 414 So.2d 322, 324 (La.1982). See also, Malone and Johnson, supra, § 290, at 812.[3]
Bossier argues that, at the most, its liability to Chevalier should extend only to repayment of the premiums that it illegally required Chevalier to pay. However, permitting an employer to absolve itself of responsibility to its employee for illegally requiring the employee to pay his own workers’ compensation premiums merely by repaying the premiums provides no incentive to employers to pay the premiums, as required by law, because the maximum penalty would be the amount of the premiums that it was supposed to pay in the first place. Under such a scheme, the employer would have nothing to lose and everything to gain by breaking the law, which is certainly perverse incentive at best. Meanwhile, the employee would have lost the use of his income, which is often of paramount concern to employees filing claims under the workers’ compensation act, who frequently live from paycheck to paycheck and who can ill afford to be abused by employers in this manner. Thus, it is insufficient compensation to the worker, as well as insufficient disincentive to the employer, merely to require the employer to repay the employee’s premiums.
leBossier also claims that it cannot be required to pay Chevalier’s benefits because La.R.S. 23:1163 provides that the only punishment for its behavior is a $500 fine. However, Chevalier has brought a civil action against Bossier. La.R.S. 23:1163 is a criminal provision and is therefore irrelevant to Chevalier’s civil claim regardless of whether the claim arises from the same conduct made punishable by the statute.

PrescriptionIPeremption

The second issue raised by defendant’s answers to appeal is whether the claim for benefits owed by the employer has prescribed. As the employer notes, if Reliance and the employer are solidary obligors, the claim against the employer in all likelihood would have to be dismissed, since payments by Reliance would exonerated L.H. Bossier. LSA-R.S. 23:1209; Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383, 1387 (La.1993), citing Hoefly v. Government Employees’ Insurance Company, 418 So.2d 575, 576 (La.1982).
An obligation which binds two persons solidarily is one where the obligors are obliged to the same thing so that each may be compelled for the whole. Williams, supra, at 1387. However, here the obligors are not obliged to the same thing, as Reliance has only paid the benefits owed to Mr. Chevalier due to his contributions. Nothing paid to date by Reliance can be construed to relieve Mr. Chevalier’s employer. Indeed, LSA-R.S. 23:1163 in this instance preempts such a conclusion.
The employer also argues that Mr. Chevalier’s claim against it has prescribed even if L.H. Bossier was independently *74 obliged to Mr. Chevalier. According to the employer, Mr. Chevalier’s accident occurred in November of 1985 and his claim against the employer was not filed until May 1993. Because LSA-R.S. 23:1209 requires that a claim for workers’ compensation be made within a year of the date of the accident, the employer maintains that it should be absolved. Under the circumstances, we are not persuaded:
RThe purpose of the one year prescriptive period is to protect employers from the burdensome litigation of stale claims. When, however, the employer lulls the employee into a false sense of security, causing him to withhold suit until after the period has expired, the employer cannot invoke the time bar to defeat compensation. See Thornton v. E.I. DuPont De Nemours & Co., 207 La. 239, 21 So.2d 46; Richard v. Liberty Mutual Insurance Company, La.App., 188 So.2d 432; Williams v. Red Barn Chemicals, Inc., La.App., 188 So.2d 78; 3 Larson’s Workmen’s Compensation Law, s 78.45, pp. 107-108.
Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385, 387-88 (1972).
The following testimony supports the conclusion that Bossier lulled Chevalier into failing to file for benefits.
Q. Okay. And following you being injured did you request workers’ comp benefits?
A. Yes, sir.
Q. And who did you request them of? A. Bossier.
Q. Okay. And you were ultimately — you ultimately started getting paid workers’ comp benefits?
A. Yes, sir, after, I think, about a year or so.
Q. Okay. So, you asked Bossier for workers’ comp, you started getting it, was it your understanding that Bossier was fulfilling its obligation to pay your workers’ comp benefits?
A. Yes, sir.
[[Image here]]
Q. When did you learn or become aware that it may not have been appropriate for Bossier to have been having you pay your own workers’ comp premium?
A. When I met you.
As the trial court noted, claimant was entirely reasonable in his belief that the payments he had been receiving were offered in accordance with law, and the filing of his claim was attributable to the illegal practices taken by his employer, |sintentionalIy or unintentionally, which led him to reasonably believe he was required to take no actions to protect his rights. Chevalier did not deal directly with Reliance, the workers’ compensation insurer, but with Bossier, who in turn negotiated the workers’ compensation policy. Thus, Bossier was in a much better position than Chevalier to understand the significance and effect of the policy, which should therefore be construed against Bossier and in favor of Chevalier. Prescription is suspended even where an employer or its insurer innocently sets up circumstances under which the employee could reasonably believe he was receiving compensation benefits and thus deferred to his detriment the filing of his claim for compensation. This being the case, we decline to permit its tolling where the injured worker is led astray by his employer’s obvious breach of public policy.

CONCLUSION

For the foregoing reasons, claimant is entitled to temporary total disability benefits from his employer from the date of his accident.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
LABORDE, J., dissents with written reasons.
DECUIR, J., dissents for reasons assigned by LABORDE, J.
WOODARD, J., concurs and assigns reasons.

. LSA-R.S. 23:1021(6):
(6) “Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.

. Sec. 1163. Premiums; contribution by employees prohibited; penalty
It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee’s wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employers own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.
Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this State to engage in the liability insurance business.
Whoever violates any provision of this Section shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both.

. This is not to say, of course, that LSA-R.S. 23:1163, supra n. 2, is of no effect. Rather, it would appear that the employer is in fact liable for the $500.00 fine in addition to the compensation coverage required of L.H. Bossier in behalf of its employee. Moreover, LSA-R.S. 23:1163, which prohibits employers -from having their employees contribute workers' compensation premiums, is applicable whether or not an employee happens to be injured.