665 So.2d 497 (1995)
Gary BOUDREAUX
v.
PRODUCTION MANAGEMENT, INC.
No. 94-CA-960.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
Writ Granted February 9, 1996.
*498 Kurt P. Forshag, Metairie, for Plaintiff/Appellant.
John V. Baus, Jr., David S. Daly, Hammett & Baus, New Orleans, for Defendant/Appellee.
Before KLIEBERT, BOWES, GAUDIN, WICKER, and GOTHARD, JJ.
GOTHARD, Judge.
In this worker's compensation matter, plaintiff appeals an amended judgment. For the following reasons, we vacate and set aside the amended judgment and reinstate the original judgment.

FACTS AND PROCEDURAL HISTORY
On March 7, 1991, plaintiff/appellant, Gary Boudreaux, suffered injuries to his hip and back while in the course and scope of his employment with defendant/appellee, Production Management, Inc. On April 24, 1992, plaintiff filed a "Disputed Claim For Compensation" form against defendant with the Louisiana Office of Worker's Compensation Administration.
Trial on the merits was held on May 19, 1993. On April 22, 1994, the hearing officer rendered judgment, finding that plaintiff was involved in a work-related accident which rendered him disabled, and ordering defendant to pay plaintiff worker's compensation benefits in the amount of $200.00 per week from September 5, 1991, through December 21, 1991, all of plaintiff's medical expenses,[1] supplemental earnings benefits in the amount of $26.67 per week from April 1992 through September, 1992, and attorney's fees in the amount of $1,000.00 for arbitrary and capricious behavior.
On April 29, 1994, defendant filed a "Motion to Amend or Clarify Judgment" with the Office of Worker's Compensation, alleging that defendant had paid weekly compensation benefits to plaintiff for the period ordered in the hearing officer's judgment and had paid plaintiff's medical expenses. A hearing on the motion was held on May 27, 1994. Thereafter, on June 9, 1994, the hearing officer rendered an "Amended Judgment," ordering "that the award for weekly compensation benefits from September 5, 1991 through December 21, 1991, having been actually paid by Production Management during that period, is amended and deleted from the prior Judgment;" ... "that the award for medical expenses, having actually been previously paid by Production Management, is amended, and deleted from the prior judgment;" that the award for supplemental earnings benefits "remains in effect" and that "the award of attorney's fees is reduced to $500.00."
On July 11, 1994, plaintiff filed a "Petition for Appeal," stating that "[a] final judgment was rendered in the above cause of action on June 9, 1994" ... and "[p]laintiff desires to appeal devolutively from the final judgment rendered in this action." On the same day, the appeal order was granted by the hearing officer.
Prior to any discussion on the merits of the case, we note a defect in the record regarding the amended judgment.
*499 AMENDMENT OF JUDGMENTS
La.Code Civ.Proc. art. 1951, relative to amendment of judgments, provides as follows:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
Thus, a trial judge (and, in a worker's compensation matter, a hearing officer) statutorily lacks the authority to make a substantive amendment to a final judgment unless it regards an error of calculation. Bruscato v. Century Ready Mix Corp., 569 So.2d 633, 634 (La.App. 2 Cir.1990); Daughdrill v. Tenneco Oil, 529 So.2d 104, 105 (La.App. 4 Cir.1988). Three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new trial, (2) timely appeal, and (3) petition for nullity. Bonaventure v. Pourciau, 577 So.2d 742, 745 (La.App. 1 Cir. 1991). In the matter before us, the defendant failed to perform any of these.
Further, the Louisiana Supreme Court has recognized that, on his own motion, and with the consent of the parties, the trial judge may amend a judgment substantively, thereby creating a new, final judgment from which the delay for taking an appeal commences to run anew. Villaume v. Villaume, 363 So.2d 448, 451 (La.1978); Labove v. Theriot, 597 So.2d 1007, 1010 (La. 1992). However, we cannot find any evidence in the record before us that plaintiff consented to the amended judgment.[2] While plaintiff does not complain in his appellate brief about the portion of the amended judgment which deleted weekly compensation benefits and medical expenses, we cannot infer plaintiff's consent to the amended judgment, especially since plaintiff's appeal is taken from the amended judgment. Furthermore, the amended judgment reduced plaintiff's attorney's fees from $1,000.00 to $500.00, and plaintiff prays for attorney's fees on appeal.
Without the consent of the parties, substantive amendments to final judgments are invalid since they are made outside a trial judge's statutory authority. Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1 Cir.1991), writ denied, 585 So.2d 567 (La.1991). See also McLemore v. Fox, 609 So.2d 1209 (La.App. 3 Cir.1992) and the cases cited therein.
Clearly, the amended judgment substantially changed the original judgment and materially affected the parties. Thus, this was an improper amendment of the original judgment and the amended judgment is an absolute nullity which must be set aside. Stevenson v. State Farm, 624 So.2d 28, 29-30 (La.App. 2 Cir.1993); Webster v. Boh Brothers Construction Company, Inc., 603 So.2d 761 La.App. 4 Cir.1992). See also Rodgers v. Rodgers, 643 So.2d 764, 766 (La.App. 2 Cir.1994) and the cases cited therein.[3]
When the parties fail to raise the issue of absolute nullity of a judgment either by new trial or on appeal, it is proper for the appellate court to vacate the absolutely null judgment and reinstate the original judgment. Davenport v. Amax Nickel, Inc., 569 So.2d 23 (La.App. 4 Cir.1990), writ denied, 572 So.2d 68 (La.1991); Teague v. Barnes, 519 So.2d 817 (La.App. 5 Cir.1988); Schexnayder v. Schexnayder, 503 So.2d 104 (La. App. 5 Cir.1987), writ denied, 506 So.2d 1228 (La.1987). Therefore, we vacate and set *500 aside the amended judgment and reinstate the original judgment.
We also necessarily find that because the amended judgment is an absolute nullity, we cannot consider the merits of this appeal as they may pertain to the April 22, 1994 original judgment. The amended judgment in this case, as an absolute nullity, cannot extend the delay for plaintiff's appeal, because it is deemed to have never been rendered. Stevenson, supra at 30; Woodson Construction Co., Inc. v. R.L. Abshire Construction Co., Inc., 459 So.2d 566, 571 (La.App. 3 Cir. 1984). Therefore, plaintiff's July 11, 1994 petition for appeal was untimely filed. La. Code Civ.Proc. art. 2087.[4]
For the foregoing reasons, we vacate and set aside the June 9, 1994 Amended Judgment and reinstate the original April 22, 1994 Judgment. Costs of this appeal are assessed against defendant.
AMENDED JUDGMENT VACATED AND SET ASIDE; ORIGINAL JUDGMENT REINSTATED.
KLIEBERT and GAUDIN, JJ., dissent with reasons.
GAUDIN, Judge, dissents with reasons.
I respectfully dissent. The motion filed on April 29, 1994 was entitled "Motion to Amend or Clarify Judgment," but the wording pointed out obvious errors in the April 22, 1994 judgment. The motion was in substance and effect a motion for a new trial and should have been accepted and treated as a motion for a new trial. The Amended Judgment which followed was therefore legal and proper and should be affirmed on appeal.
KLIEBERT, Judge, dissents with reasons.
I respectfully dissent with the majority's view that the parties did not consent to the amendment of the judgment, as per Villaume v. Villaume, 363 So.2d 448 (La.1978) and Preston Oil Co. v. Transcontinental Gas Pipeline Corp., 594 So.2d 908 (La.App. 1 Cir.1991), and thus would hear the appeal on the merits. Plaintiff-appellant has admitted to this Court in his Memorandum Regarding Consideration by a Five Judge Panel that he did in fact consent to the amendments in the original judgment and that this consent was recited in the amended judgment itself. Plaintiff further distinguishes the import of his consent to this amended judgment: "In fact, [plaintiff] consented to the changes that were ultimately made in the judgment; however, this should not be construed or interpreted to mean that he conceded to the correctness of the trial court's application of law to the findings of fact." Memo, p. 3.
Furthermore, I join in the reasons expressed in Judge Gaudin's dissent.
NOTES
[1] The judgment did not specify a monetary amount of plaintiff's medical expenses.
[2] While a hearing on defendant's motion to amend or clarify judgment was held on May 27, 1994, our request from the Office of Worker's Compensation for a transcript of that hearing elicited a response that the hearing was held outside of the presence of a court reporter and not transcribed.
[3] We also cannot consider the action taken by the hearing officer to be relative to a motion for new trial. Under La.Code Civ.Proc. art. 1971, a new trial may be granted upon contradictory motion of any party or by the court on its own motion. However, nowhere in the record before us is there any inference of a new trial. The defendant asked for, and received, an "Amended Judgment." Further, we are aware of no statute or caselaw which would allow a granting of a motion to amend or clarify judgment to be the legal equivalent of a granting of a motion for new trial.
[4] We also note that, in its appellate brief, defendant requests that "the portion of the amended judgment awarding $500.00 in attorney's fees be overturned and deleted." Not only is the amended judgment an absolute nullity and the appeal untimely, defendant failed to answer the appeal as required by La.Code Civ.Proc. art. 2133 and cannot now request a modification. See Gardner v. Kostmayer & Associates, Inc., 638 So.2d 434, 436 (La.App 5 Cir.1994), writ denied, 644 So.2d 646 (La.1994).