JiCOOKS, Judge.
On appeal, plaintiff argues the administrative hearing officer erred in failing to grant legal interest on penalties and attorney fees awarded him from date of judicial demand. He argues this court has consistently awarded legal interest on penalties and attorney fees from date of judicial demand, and cites the following cases as support for his position: Kennedy v. Southern Security Insurance Co., 540 So.2d 1204 (La.App. 3 Cir.1989); George v. Marcantel Feed Stores, Inc., 446 So.2d 345 (La.App. 3 Cir.1984); Watson v. Louisiana Paving Co., 441 So.2d 31 (La.App. 3 Cir.1983). Although La.R.S. 23:1201.3(A) was amended, effective January 1, 1990, the amendment was virtually unnoticed until recently. Defendant asserts the amendment replaced the jurisprudential rule that prejudgment interest on worker’s compensation benefits is awardable from the dates the payments are due until they are paid. 12The employer contends the controlling date begins on the “date ordered” by the hearing officer. La.R.S. 23:1201.3(A) provides as follows:
“.... Tiny compensation awarded and all payments thereof directed to be made by order of the hearing officer shall bear judicial interest from the date ordered paid by the hearing officer until the date of satisfaction.” (Emphasis added)
Section 1201.3 is found under the specific heading “Failure to Pay Compensation; Judgment and Execution; Interest; Revocation or Suspension of Insurer’s License.” Penalties and attorney fees are neither benefits nor compensation. They are penal in nature and meant to punish recalcitrant employers or insurers for failing to honor statutorily imposed obligations. The jurisprudential rule that interest on penalties and attorney fees runs from the date of judicial demand remains unaffected by the referenced amendment because the provision does not expressly apply to such awards.[1] Therefore, we amend the trial court’s judgment to grant plaintiff interest on penalties *560 and attorney fees from the date of judicial demand.
AFFIRMED, AS AMENDED.
DOUCET, C.J., concurs.
AMY, J., dissents and assigns written reasons.

. Although we find plaintiff's argument that the "date ordered” language used in La.R.S. 23:1201.3(1) does not overrule longstanding jurisprudence holding prejudgment interest on compensation benefits are awardable from the date due until paid, compelling and persuasive, we are prevented from entertaining it because the issue squarely before us does not require this panel to determine the "ambit” of the provision or the intent of the legislature when enacting it.