GREMILLION, Judge.
LThe defendant/appellant, Dina Con-stantin Rhymes, appeals the trial court’s judgment finding that homeschooling was not a factor to be considered in determining the amount of final periodic support to be paid by the plaintiff/appellee, Timothy John Rhymes. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Timothy and Dina, both mechanical engineers, were married in 1990 and divorced in July 2009. Dina stopped working in 1999 when their first child, Lucy, was born. Jack was born four years later in 2003. Dina has homeschooled both of the children since they were about five years old and continued to do so at the time of trial.
Following numerous hearings regarding child support and final periodic support, the trial court’s final judgment on periodic support was signed in July 2012, and held that Dina was entitled to final periodic support in the amount of $500.00 per month for a period of twelve months, to a payment not to exceed $2,400.00 for a course of study which would enable her to update her training as a mechanical engineer, and that “home-schooling is not a factor legally that is considered in this determination of final periodic support.”
Dina’s sole assignment of error is that “the trial court erred as a matter of law, in finding that home schooling by the mother (Dina Rhymes) is not a factor to be considered for the determination of awarding final periodic support.”
DISCUSSION
The Louisiana Civil Code authorizes a trial court, in its discretion, to award the payment of final periodic support to a spouse in need who has not been at fault in the breakup of the marriage. La.Civ.Code arts. Ill and 112. Article 112 |2provides numerous factors the court may consider in awarding final periodic support. Article 112(B) states:
The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
(1) The income and means of the parties, including the liquidity of such means.
(2) The financial obligations of the parties.
(3) The earning capacity of the parties.
(4) The effect of custody of children upon a party’s earning capacity.
(5) The time necessary for the claimant to acquire appropriate education, training, or employment.
(6) The health and age of the parties.
(7) The duration of the marriage.
(8) The tax consequences to either or both parties.
The issue of whether homeschooling is a legal factor to be considered in setting final periodic support is a novel one. We review a trial court’s rulings regarding questions of law using the de novo standard. Sabine Parish Police Jury v. Comm’r of Alcohol & Tobacco Control, 04-1833 (La.4/12/05), 898 So.2d 1244. The *288 trial court relied on Donna G.R. v. James B.R., 39,005 (La.App. 2 Cir. 07/02/04), 877 So.2d 1164, writ denied, 04-1987 (La.9/3/00), 882 So.2d 550 and La.Civ.Code art. 227, which states that parents have an obligation to support, maintain, and educate their children. The trial court found that one spouse cannot choose the education obligation to the exclusion of the other obligations.
In Donna G.R., the parties were married for sixteen years and had three children who had been homeschooled for the six years prior to the divorce. The trial court awarded the mother permanent spousal support without imputing any employment income to her because of her homeschooling duties. The appellate Rcourt ultimately concluded that homeschooling was not in the children’s best interest and ordered that the children be enrolled in public school. It remanded the case to the trial court to reconsider the permanent spousal support award. Nevertheless, the court addressed various competing legal precepts in determining the role homeschooling has in custody and support matters.
The court in Donna G.R. noted that decisions concerning a child’s education are addressed in La.R.S. 9:335(B)(3), which generally authorizes the domiciliary parent in joint custody arrangements to make all major decisions regarding the child’s education. Further, these decisions are presumed to be in the best interest of the child. Id. In La.R.S. 9:315.6(1), the legislature authorized the addition of educational expenses to the basic child support obligation. On the other hand, the appellate court noted that the overriding principals found in La.Civ.Code art. 227 and La.R.S. 9:315(A) and (B)(2) are that both parents are continually obligated to provide support to the child. The child support guidelines further address the voluntary unemployment of a parent and impute the income that the unemployed spouse could earn. See La.R.S. 9:315.2(B) and La.R.S. 9.-315.11.[1]
Noting the “considerable statutory tension” underlying the dispute, the Donna G.R. court found that the mother’s lack of education was the most important fact in this particular homeschooling situation that warranted a finding that homeschooling was not in the children’s best interest. Donna G.R., 877 So.2d at 1168. The court went on to state that the mother’s
decision as domiciliary parent is outweighed by the economic obligation for the maintenance and support of her children and the increased obligation of spousal support from [the father] which 14her decision implicates. The parties’ use of the public school system, which is the subject of much public policy of this state, will obviously provide economic benefit to the children by freeing [the mother] to find employment.
Id. at 1169. (Emphasis added).
Thus, the main competing interests are the duty owed by a spouse to support her children and her voluntary unemployment versus that spouse’s right to make major decisions regarding her children’s education. We agree with the trial court here and the appellate court in Donna G.R. that a spouse’s voluntary unemployment in order to homeschool cannot be attributed to the other spouse in determining final periodic support. Louisiana *289 Revised Statute 9:315.11 states an absolute that an underemployed/unemployed party’s potential income shall be attributed to them unless one of the circumstances listed exists. None do here. It is the legislature’s province to provide an exemption for parents choosing to homeschool, and it did not do so in La.R.S. 9:315.11.
Moreover, periodic support is based on the basic needs of the recipient party in order sustain life and assist the spouse in returning to the workforce, not the desire to maintain the former lifestyle the party was accustomed to during the marriage. See Mizell v. Mizell, 37,004 (La.App.2d Cir.3/7/03), 839 So.2d 1222. Further, the continued absence from the workforce that homeschooling would entail makes it less likely that Dina will be able to support herself in the future. Homeschooling is simply not a basic need as envisioned by the legislature in determining final periodic support, and the duty to support one’s children outweighs a parent’s desire to homeschool them. Accordingly, the trial court did not err in finding that Dina’s homeschooling should not be considered in making an award of final periodic support.
| .CONCLUSION
The judgment of trial court is affirmed. All costs of this appeal are assessed against the defendant/appellant, Dina Con-stantin Rhymes.
AFFIRMED.
AMY, J., concurs in the result and assigns reasons.
CONERY, J., dissents and assigns written reasons.

. La.R.S. 9:315.11(A) states (emphasis added):
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years.