KNOLL, Justice.
| ,This final periodic spousal support case presents the res nova issue of whether homeschooling of children born of the marriage is a factor the trial court can consider when awarding final support pursuant to La. Civ.Code art. 112, The District Court found homeschooling was not a factor legally considered in the determination of final support. In a plurality opinion, the Court of Appeal affirmed. We granted writs to address the correctness vel non of the lower courts’ reasoning. Rhymes v. Rhymes, 13-0823 (La.6/28/13), 118 So.3d 1098. For the following reasons, we find the trial court is charged pursuant to La. Civ.Code art. 112 with considering all relevant factors in determining the amount and duration of final support, thus the homeschooling of children born of the marriage can be a relevant factor in the determination of such support. We, therefore, vacate the judgments of the lower courts as to this issue only and remand this matter to the District Court for further proceedings consistent with this opinion.
FACTS
Timothy John Rhymes and Dina Con-stantin Rhymes, who are both mechanical engineers, were married on September 1, 1990. Dina gave birth to- their first child, Lucy Annette Rhymes, on April 13, 1999. At that time, by the parents’ mutual consent, Dina stopped working to stay home with the child. On 12February 3, 2003, the couple’s second child, Jack William Rhymes, was born. Perceiving the public school system in Baton Rouge to be inadequate and the private school system too expensive, the parties decided Dina would homeschool the children. Dina has instructed the children since they were five years of age and continued to do so at the time of trial in this matter.
On July 1, 2008, Timothy and Dina separated, and on July 16, 2009, a judgment of divorce was rendered. Under a joint custody decree, Dina was named domiciliary parent and was awarded child support. On December 9, 2009, a consent judgment was rendered finding Dina “to be without legal fault in the dissolution of the marriage.” In accordance with La. Civ.Code arts. Ill and 112, Dina sought final support from Timothy, claiming as a factor in the determination homeschooling of their two minor children. On December 23, 2009, Timothy filed a rule to show cause why the children should not be enrolled in the public school system, alleging it is in the children’s best interest to “be provided a normal education in the Lafayette Parish School System” and the homeschooling of “the children on a rural farm ... prevents the children from having social interaction with their peers.”
At the outset of the hearing in this matter, however, the parties orally stipulated the children could be homeschooled. In brief to this Court, Timothy explains his withdrawal was not indicative of his approval of homeschooling, but rather, “because he was unprepared, then, to defeat the presumption that DINA’s decision to home-school the children was in their best *379 interest.”[1] During the hearing, the court-appointed educational evaluator, Lori Romero, testified “with exception of Jack’s written language skills these children were right on or above” Rtheir educational age levels and the children were “absolutely” “thriving in home school.”[2] ■ Moreover, she opined it was in their “best interest to continue with the educational process they’ve had so far” and, although she was not appointed to evaluate the children’s social interactive skills, their social abilities were “absolutely appropriate.”
On July 10, 2012, the District Court found Dina was entitled to final support in the amount of $500 per month for a period of twelve months and to a payment not to exceed $2,400 for a course of study, which would enable her to update her training as a mechanical engineer. Régarding the issue of homeschooling, the District Court specifically found:
It is the opinion of the Court that the law. does not support such a consideration.
LSA-C.C. Art. 112 lists the factors to be considered and home schooling is not one of the factors.
Although some language in Donna G.R. v. James B.R., [89,005 (La.App. 2 Cir. 7/2/04),] 877 So.2d [116] [1164,[3] writ denied, 04-1987 (La.9/3/00), 882 So.2d 550] gives support to defendant’s position that home schooling has implications for spousal support, the holding rejects that consideration.
Another C.C. Art. is also pertinent to this decision. Art. 227. Parents have an obligation to support, maintain and educate children. One spouse cannot choose the education obligation to exclusion of the other’s.
Dina appealed the judgment, raising as her only assignment of error the District Court’s finding homeschooling was not a factor in determining final support. A plurality of the Court of Appeal, Third Circuit, agreed with the District Court and affirmed its decision. Rhymes v. Rhymes, 12-1184 (La.App. 3 Cir. 3/13/13), 110 So.3d 286. In reaching this conclusion, Judge Gremillion reasoned in the plurality opinion:
... the main competing interests are the duty owed by a spouse to support her children and her voluntary unemployment versus that spouse’s right to make major decisions regarding her children’s education. We agree with the trial court here ... that a spouse’s voluntary unemployment in order to hom-eschool cannot be attributed to the other spouse in determining final periodic support. Louisiana Revised Statute 9:315.11 states an absolute that an underemployed/unemployed party’s potential income shall be attributed to them unless one of the circumstances listed exists. None do here. It is the legislature’s province to provide an exemption *380 for parents choosing to homeschool, and it did not do so in La.R.S. 9:315.11.
Id. at p. 4, 110 So.3d at 288-89. The opinion further reasoned final support is based on the basic needs of the recipient party in order to sustain life and assist the spouse in returning to the workforce; however, “homeschooling is simply not a basic need as envisioned by the legislature in determining final periodic support, and the duty to support one’s children outweighs a parent’s desire to homeschool them.” Id. at p. 4,110 So.3d at 289.
In his concurring opinion, Judge Amy cautioned against both the parties’ and the majority’s melding of spousal support concepts with custody and child support concepts, which were extraneous to the limited question before the courts. In this regard, Judge Amy would have refrained from considering the issue of voluntary unemployment under La.Rev.Stat. § 9:315.11 and would not have.entertained an inquiry into whether homeschooling was in the children’s best interest as such was removed by the parties’ joint stipulation homeschooling would continue. However, in the context of the evidence presented and La. Civ.Code art. 112, Judge Amy believed the District Court’s determination was supported by the record.
Ifiln his dissenting opinion, Judge Con-ery found “Dina’s need for final spousal support must be judged with the historical and continued agreement for Dina to stay home, care for, and homeschool the children rightfully considered.” Rhymes, 110 So.3d at 291. In so finding, Judge Conery relied on the fourth factor under La. Civ. Code art. 112 — “the effect of custody upon the party’s earning capacity” — reasoning Dina’s “custody” included the historic and continuing homeschooling of the children. In his view, Dina’s homeschooling is a relevant factor under La. Civ.Code art. 112.
DISCUSSION
The sole issue before this Court is whether homeschooling is a legal factor in determining final support. As this issue is strictly a legal one involving the interpretation of our Civil Code provisions, we review the lower courts’ rulings under the de novo standard. Sabine Parish Police Jury v. Comm’r of Alcohol and Tobacco Control, 04-1833 (La.4/12/05), 898 So.2d 1244. Moreover, our analysis is guided by well-established rules of statutory construction.
In accord with these rules, the interpretation of any statutory provision starts with the language of the statute itself. Oubre v. Louisiana Citizens Fair Plan, 11-0097, p. 11 (La.12/16/11), 79 So.3d 987, 997. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ.Code art. 9; La.Rev.Stat. § 1:4; In re Clegg, 10-0323, p. 20 (La.7/6/10), 41 So.3d 1141, 1154. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. Civ.Code art. 11; see also Snowton v. Sewerage and Water Bd., 08-399, pp. 5-6 (La.3/17/09), 6 So.3d 164, 168.
| fiWords and phrases must be read with their context and construed according to the common and approved usage of the language. La. Civ.Code art. 11; La.Rev.Stat. § 1:3. “The word ‘shall’ is mandatory and the word ‘ma/ is permissive.” La.Rev.Stat. § 1:3; Oubre, 11-0097 at 12, 79 So.3d at 997. Every word, sentence, or provision in a law is presumed to be intended to serve some useful purpose, that some effect is given to each such *381 provision, and that no unnecessary words or provisions were employed. Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd., 06-1104, p. 6 (La.1/17/07), 947 So.2d 15, 19; Moss v. State, 05-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found. Oubre, 11-0097 at 12, 79 So.3d at 997. With this understanding, we turn now to the relevant Civil Code provisions.
Under La. Civ.Code art. Ill, the trial court is granted the discretion to award final support to a party who is in need of support and who is free from fault in the dissolution of the marriage:
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles.
La. Civ.Code art. 111. In determining the amount and duration of final support, La. Civ.Code art. 112 provides:
A. When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
|7(1) The income and means of the parties, including the liquidity of such means.
(2) The financial obligations of the parties.
(3) The earning capacity of the parties.
(4) The effect of custody of children upon a party’s earning capacity.
(5) The time necessary for the claimant to acquire appropriate education, training, or employment.
(6) The health and age of the parties.
(7) The duration of the marriage.
(8) The tax consequences to either or both parties.
C.The sum awarded under this Article shall not exceed one-third of the obligor’s net income.
La. Civ.Code art. 112 (emphasis added).
Significantly, both of these Civil Code provisions focus explicitly on the needs of the moving spouse and the ability of the other to pay, rather than on the needs of the children. In this regard, the statutory provisions on child support and custody do not come into play, and the award of final support is controlled by the provisions quoted above, most particularly La. Civ. Code art. 112.
Under its provisions, the trial court must consider all relevant factors as the Louisiana Law Institute’s employment of the term “shall” in the first sentence of paragraph B denotes: “The court shall consider all relevant factors in determining the amount and duration of final support.” La. Civ.Code art. 112(B); see also La.Rev.Stat. § 1:3; Oubre, 11-0097 at 12, 79 So.3d at 997. It then goes on to list several factors the court may consider, including such concerns as the health and age of the parties, their earning capacity, and their financial obligations. However, as evident in the clear and unambiguous use of the permissive “may” in the second sentence of paragraph B, this list is merely *382 illustrative, not exhaustive or exclusive, requiring the trial court to consider each individual spouse and his or her corresponding needs and circumstances. Therefore, while homeschooling is not included as a specific factor for consideration, there is no specific legal exclusion |sof homeschooling as a consideration, and so, it can be considered under the clear and unambiguous provisions of La. Civ. Code art. 112, if it is relevant. The trial court erred as a matter of law in failing to consider homeschooling as a factor given the facts of this case.
Whether it is a relevant factor is to be determined on a case-by-case basis. Much as a court considers the effect of custody upon a party’s earning capacity, we find the court may likewise consider the effect the duties and obligations associated with homeschooling have on the earning capacity of the parent undertaking the children’s instruction.
In the present case, there is no dispute Dina is free from fault or that Timothy can afford to pay. The contentious issue is whether Dina, a mechanical engineer, is in need of support.
The record evidence undisputedly shows the parties agreed Dina would fore-go her career as a mechanical engineer to stay home to care for and educate the children. The parties further stipulated the children would continue to be homes-chooled by Dina, and the evidence at trial elicited from the court-appointed educational evaluator showed the children were well-educated and thriving in their homeschool environment. The proffered testimony further shows Dina’s obligation to homeschool the children has an effect on her earning capacity as she spends approximately 27.5 hours per week on school work — instructing the children in world history, geography, literature, math, physics, language arts, creative expression, handwriting, typing, and German.[4] While Timothy urges his withdrawal of his objection to the continued homeschooling of his children does not equate to his approval of same, it is not disputed Dina continues to homeschool |9the children by stipulation of the parties as reflected in the record. Therefore, we agree with Judge Conery that Dina’s homeschooling should be a factor considered in the determination of her final support award according to La. Civ.Code art. 112.
Accordingly, we vacate the judgments of the lower courts as to this issue only and remand this matter to the District Court to consider homeschooling as a factor in determining final support in this case.
CONCLUSION
In summary, we find a trial court must consider all relevant factors in determining final support. Homeschooling the children of the marriage may be a relevant consideration in this determination. In the present case, we find the District Court erred as a matter of law in failing to consider homeschooling as a factor in the determination of final support for Dina. Accordingly, we vacate the judgments of the lower courts as to this issue only and remand this matter to the District Court for further proceedings consistent with this opinion.
DECREE
For these reasons, the judgments of the lower courts as to this issue only are vacated and this matter is hereby remanded to the District Court for further proceedings consistent with this opinion.
*383 VACATED and REMANDED TO THE DISTRICT COURT.
KNOLL, Justice, additionally concurs.
WEIMER, Justice, concurs and assigns reasons.
HUGHES, Justice, dissents with reasons.

. In this regard, Timothy alludes to the presumption of La.Rev.Stat. § 9:335(B)(3) that "all major decisions made by the domiciliary parent are in the best interest of the child.”

. Notably, both children participated in the Summer Enrichment Program through the Center for Gifted Education at the University of Louisiana at Lafayette.

. In Donna, the trial court allowed the mother/ex-wife to continue homeschooling the three minor children of the marriage through the end of the school year and awarded final support based on this consideration. While the Second Circuit clearly found "the home school decision has implications regarding the award of permanent spousal support,” it reversed the lower court's ruling, finding homeschooling was not in the children’s best interest given their substandard work and test scores and the mother's lack of qualifications. Donna, 39,005 at pp. 6-9, 877 So.2d at 1167-69.

. The children also participate in numerous and varied extracurricular activities, including violin, ice skating, Taekwondo, dance, acting, visual art, and golf.