SUSAN M. CHEHARDY, Chief Judge.
| gPlaintiff, American Rebel Arms, L.L.C., appeals the district court’s February 10, 2015 judgment sustaining the peremptory exception of no cause' of action and dismissing its claims against defendant, New Orleans Hamburger and Seafood Company. For the'reasons that fol-lowi' we affirm the judgment of the district court.
FACTS AND PROCEDURAL HISTORY
Deborah Norred is the sole member of American Rebel Arms, a limited liability company dealing firearms in’Holden, Louisiana in Livingston Parish. ()n April 10, 2018, as the business was preparing to open to the public, Mrs. Norred and her husband were in the New Orleans area shopping for shelving for the store. They stopped for lunch at a New Orleans Hamburger and Seafood Company restaurant on South Clearview Parkway in Jefferson Parish. Mrs. Norred slipped and fell in the restaurant’s bathroom, injuring her left arm and shoulder.. As a ^result of these injuries, Mrs. Norred claimed she *1222 was unable to-open and operate the firearms store.
On November 5, 2013, Mrs. Norred filed suit against New Orleans Hamburger seeking damages for her personal injuries. On April 9, 2014, American Rebel Arms filed suit against New Orleans Hamburger seeking damages for its economic losses that resulted from Mrs. Norred’s personal injuries.[1] These two suits were consolidated on July 29,2014.
In response to American Rebel’s suit, New Orleans Hamburger pleaded the peremptory exceptions of no cause of action and no right of action. The restaurant argued it owed no legal duty to a limited liability company, and thus, American Rebel has no cause of action against it for losses stemming from Mrs. Norred’s personal injuries. Similarly, the restaurant also argued that American Rebel, as a limited liability company, has no right of action based on personal injuries sustained by its sole member. These exceptions were heard on January 27, 2015. On February 10, 2015, the district court issued a written judgment sustaining the exception of no cause of action and dismissing with prejudice any and all of American Rebel’s claims against New Orleans Hamburger. American Rebel appeals this ruling.
DISCUSSION
In reviewing a trial court’s ruling on a peremptory exception of no cause of action, an appellate court considers this question of law de novo. See Lemmon Law Firm, LLC v. Sch. Bd. of St. Charles, 13-376 (La.App. 5 Cir. 12/12/13), 131 So.3d 231, 234. The function of the,exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Id. In other words, the exception tests the legal sufficiency of the petition .by determining whether the plaintiff is afforded a | ¿remedy in law based on the facts alleged' in the pleading. Fink v. Bryant, 01-987 (La.11/28/01), 801 So.2d 346, 348-49. '
The exception is triable only on the face of the petition, accepting as true the well-pleaded facts therein. See Fink, supra at 349. Thus, the standard for granting an exception of no cause of action is not the likelihood that the plaintiff will prevail at trial; rather, it is whether, on the face of the petition, accepting all allegations as true, the petition states a valid cause of action' for relief. Lemmon, supra. On review, the appellate court asks whether, in the light most favorable tó' the plaintiff and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action. Id. '
Here, American Rebel asserts a cause of action in negligence. A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Rando v. Anco Insulations Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1085-86. This issue has alternately been termed proximate cause/legal cause, and scope of duty, among others. Id. at 1088; Roberts v. Benoit, 605 So.2d 1032, 1052 (La.1992). Regardless of the terminology- used, the inquiry is ultimately a question of policy. Rando, supra', Roberts, supra. . It requires determining whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner. Ran-do, supra. While this inquiry is purely a legal question, it depends on factual determinations of foreseeability and ease of association. Id. at 1089. For instance, a *1223 risk may not be within the scope of a duty where the circumstances of the particular injury to the plaintiff could not be reasonably foreseen or anticipated, because there was no ease of association between that risk and the legal duty. Id. at 1092. The extent of protection owed by a defendant to a plaintiff is made on a case-by-case basis to avoid making a defendant an insurer of all persons against all harms. Id. at 1093.
If it is determined that the defendant owes no duty to protect the plaintiff from the risk involved, there can be no liability. See Taylor v. Shoney’s, Inc., 98-810 (La.App. 5 Cir. 1/26/99), 726 So.2d 519, 523. Consequently, when no duty exists, a court will dismiss a petition as a matter of law for failure to state a cause of action. Id. t
In negligence cases, there is an almost universal duty on the part of a defendant to use reasonable care to avoid injury to another. See Rando, supra at 1086. More particularly, in slip-and-fall cases, Louisiana law requires merchants to exercise reasonable care to protect persons who enter the establishment, to keep the premises safe from unreasonable risks of harm, and to warn of known dangers. Bennette v. Bros. Avondale, L.L.C., 15-37 (La.App. 5 Cir. 5/14/15), 170 So.3d 1179, 1181-82. Louisiana’s slip-and-fall statute, La. R.S. 9:2800.6, states in part: “A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.”
When a duty is imposed by statute, as is the ease here, the court must attempt to interpret the legislative intent as to the risk contemplated by the legal duty, often resorting to the court’s own judgment of the scope of protection intended by the legislature; Cormier v. T.H.E. Ins. Co., 98-2208 (La.9/8/99), 745 So.2d 1, 7. As with any matter of statutory interpreta^ tion, we begin by considering the language of the statute itself. '’ La. R.S. 9:2800.6 states in pertinent part that “[a] merchant owes a duty to persons who use his premises....” (Emphasis added). Thus, the question -before us is whether the legislature intended to include limited liability companies within the scope of a merchant’s duty owed to “persons” using the merchant’s premises. As the following demonstrates, we answer this . question in. the negative.
’ In support of American Rebel’s position that it should bé included within the scope of New Orleans Hamburger’s mercantile duty, American Rebel subrhits in its brief that Mrs. Norred, as the sole member of the LLC, is similar to an egg-shell plaintiff. The legal principle of the eggshell plaintiff is “the well-settled rule that a tortfeasor takes his victim as he finds him' and is liable for all the natural and 1 fiprobable consequences of his negligent acts.” Williams v. Stewart, 10-457 (La. App. 4 Cir. 9/22/10), 46 So.3d 266, 272, writ-denied, 10-2598 (La.1/14/11), 52 So.3d 905. Thus, American Rebel contends that taking Mrs. Norred as the sole member of the LLC, New Orleans Hamburger is liable for all the consequences of its alleged negligence, including the LLC’s economic .losses..
We disagree. Initially we note that American Rebel’s reliance on the eggshell plaintiff principle is misplaced since that principle primarily concerns the issue of causation [2] and the issue before us is the *1224 scope of duty. Yet, even if a slippery bathroom floor was the but-for cause of American Rebel’s losses, “substandard conduct does not render the actor liable for all consequences spiralling outward until the end of time.” Roberts, supra. It is “necessary to truncate liability at some point.” Id. Where to truncate liability is the crux of the scope of duty inquiry. In our opinion, under La. R.S. 9:2800.6, the legislature intended a merchant’s duty, and thus his liability, to extend no further than to those natural persons who use his premises. This finding is informed by the following considerations.
Mrs. Norred and American Rebel are wholly separate entities that are not interchangeable. There are two kinds of persons in Louisiana: natural persons and juridical persons. La. C.C. art. 24. A natural person is a human being; a juridical person is an entity to which the law-attributes personality, such as a corporation or a partnership. Id. The personality of a juridical person is distinct from that of its members. Id. A limited liability company is a juridical person. Ogea v. Merritt, 13-1085 (La.12/10/13), 130 So.3d 888, 894. Thus, a limited liability company and its members are wholly separate and distinct persons. Id. at 895.
17This distinction serves the primary purpose of a limited liability company: to protect the;LLC’s members from personal liability for the debts of the LLC, except in limited circumstances. See Thomas v. Bridges, 13-1855 (La.5/7/14), 144 So.3d 1001, 1006. Indeed, subject to those limitations, “no member, manager, employee,' or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.” La. R.S. 12:1320(B). Likewise, members have no interest in a limited liability company’s property. La. R.S. 12:1329. Consequently, members of a limited liability company have no right to sue personally for damages to limited liability company property. Zeigler v. Hous. Auth. of New Orleans, 12-1168 (La.App. 4 Cir. 4/24/13), 118 So.3d 442, 450. From this, the corollary follows that a limited liability company does not have a right to sue for damages based on the personal injuries of one of its members. See Captville v. Liberty Mut. Ins. Co., 2012 U.S. Dist. LEXIS 3711, 2012 WL 112992, *6 (M.D.La.2012) (“[Njeither corporations nor LLCs have a cause of action for claims of economic loss based on personal injuries sustained by an employee or even an owner.”).
The distinction between juridical and natural persons also factors in assessing the foreseeability of risk. Under La. R.S. 9:2800.6, a merchant’s duty to the “persons who use his premises” requires him to keep his “aisles, passageways, and floors in a reasonably safe condition.” Common experience tells us that only natural persons are capable of using aisles, passageways, and floors. Accordingly, while a merchant can reasonably foresee the risk of a natural person sustaining an injury if the merchant neglects to keep his floors in a reasonably safe condition, a juridical person sustaining economic losses as the result of an unsafe floor is not a risk reasonably foreseen. Such risk is not easily associated' with a merchant’s duty under La. R.S. 9:2800.6.
*1225 Upon our de novo review, we find New Orleans Hamburger’s duty to persons who use its premises does not include juridical persons, such as the limited | pliability company American Rebel Arms. With no duty, American Rebel has no cause of action against New Orleans Hamburger based on Ms. Norred’s personal injuries. We therefore conclude that the district court did not err in sustaining New Orleans Hamburger’s exception of no cause of action.
DECREE
For the foregoing reasons, we affirm the February 10, 2015 judgmént of the district court sustaining New Orleans Hamburger and Seafood Company’s peremptory exception of no cause of action and dismissing with prejudice any and all claims of American Rebel Arms, L.L.C.

AFFIRMED

. Also on April 9, 2014, American Rebel filed a third suit against New Orleans Hamburger in Livingston Parish.

. Under the egg-shell plaintiff principle, an injured person is entitled to recover full compensation for all damages that proximately result from a defendant’s tortious act, even if some or all of the injuries might not have occurred but for the plaintiff’s pre-existing *1224 physical condition,-' disease, or susceptibility to injury. Williams, 46 So.3d at 272. The plaintiff, however, is required to, establish a causal link between the tortious conduct and the aggravation of his pre-existing condition. Id. If the evidence establishes that a plaintiff's pre-accident and post-accident conditions are identical in all meaningful respects, the plaintiff has failed to carry his. burden of proving causation. Id.