CHEHARDY, C.J.
|!This appeal[1] arises out of an objection to the candidacy of Jeffrey Perilloux for Division B of the 40th Judicial District Court in St. John the Baptist Parish. This position is to be filled by a primary election scheduled for November 8, 2016, followed by a general election on December 10, 2016, if necessary. Robert Snyder, appellant, seeks review of the dismissal of. his action objecting to Mr. Perilloux’s candidacy. For the, reasons that follow, we affirm the judgment of the district court.
PROCEDURAL HISTORY
On July 20, 2016, Mr. Perilloux qualified as a candidate in the primary election for the Division B seat .on the 40th Judicial District Court (“JDC”) in St. John the Baptist Parish. On July 29, 2016, Mr. Snyder, a candidate for the same seat and *239 one of Mr. Perilloux’s opponents, filed.a petition, objecting to the candidacy of Mr. Perilloux on the ground that he does not meet the qualifications for the office. See La. R.S. 18:492(A)(3). Particularly, Mr. Snyder argues that Mr. Perilloux does not satisfy the domicile requirement because Mr. Perilloux is not domiciled -within the precinct boundaries of Division B of the 40th JDC.
On August 1, 2016, in response to Mr. Snyder’s objection, Mr. Perilloux pled the peremptory exception of no cause of action, arguing there is no requirement that a candidate for a division of a district court be domiciled within the precinct bound-aides of that division. Instead, Mr. Peril-loux contended that such a candidate need only be domiciled within the judicial district. That same day, the district court agreed with Mr. Perilloux’s position, sustained his peremptory |2exception of no cause of action, and dismissed Mr. Snyder’s objection to candidacy. Mr. Snyder now seeks review of that ruling.
DISCUSSION
In reviewing a trial court’s ruling on a peremptory exception of no cause of action, an appellate court considers this question of law de novo. Am. Rebel Arms, L.L.C. v. New Orleans Hamburger & Seafood Co., 15-599 (La.App. 5 Cir. 2/24/16), 186 So.3d 1220, 1222. The function of the exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under' the factual allegations of the petition. Id. In other words, the exception tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Id. The exception is triable only on the face of the petition, accepting as true the well-pleaded facts therein. Id. Thus, the standard for granting an exception of no cadse of action is not the likelihood that the plaintiff will prevail at-trial; rather, it is whether, on the face of the petition, accepting all. allegations as true, the petition states a valid cause of action for relief. Id. On review, the appellate court asks whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action. Id.
Mr. Snyder’s cause of action here is an objection to the candidacy of Mr. Perilloux on the basis of domicile. It is not disputed that Mr, Perilloux is not domiciled within, the precinct boundaries of Division B of the 40th JDC. Thus, the question before us is purely legal: does Louisiana law require a candidate for a division of a district court to be domiciled within the precinct boundaries or any other geographic boundaries of that division?
La. R.S. 18:451, which provides general candidate qualifications, states in pertinent part: “In the event that the- qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency Ror domicile as of the date of qualifying, notwithstanding any other provision of law to the contrary.”
Article V, § 24 of the Louisiana Constitution sets forth the qualifications for judicial candidates:
§ 24. Judges; qualifications
A. A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
*240 (1) For the supreme court or a court of appeals — ten years.
(2) For a district court, family court, parish court, or court having solely juvenile jurisdiction — eight years.
B. He shall not practice law.
We interpret constitutional provisions using the same rules of interpretation applicable to statutes and written instruments. See Snowton v. Sewerage & Water Bd., 08-0399 (La.3/17/09), 6 So.3d 164, 168. Thus, under these well-established rules, the interpretation of a constitutional provision begins with the language of the provision itself. Id. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. Id. Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. Id.
The plain language of La. Const. Art. V, § 24 dictates that a district court judge must be domiciled in “the respective district, circuit, or parish.” According these three terms their generally understood meanings, it is readily apparent that “parish” refers to one of the sixty-four Louisiana parishes and “circuit” refers to 14one of the five Louisiana court of appeal circuits. “District,” on the other hand, can refer to one of three types of “districts” in the context of this provision.
First, it can refer to supreme court districts. La. Const. Art. V, § 4 mandates that the state “shall be divided into at least six supreme court districts.” (Emphasis added). La. R.S. 13:101 divides the state into “seven supreme court districts” and mandates that the court “shall be composed of one justice elected from- each of the seven districts.” (Emphasis added).
Second, the Louisiana First Circuit Court of Appeal has held that it can refer to the districts within an appellate circuit. See Matassa v. Jasmine, 10-1298 (La.App. 1 Cir. 7/22/10), 42 So.3d 1157, 1159-61, writ denied, 10-1729 (La.7/26/10), 39 So.3d 599.[2] In-support of this holding, the First Circuit relied on the mandate of La. Const. Art. V, § 9 that each of the appellate circuits “shall be divided into at least three districts, and at least one judge shall be elected from each.” (Emphasis added).
And third, it can refer to state trial court judicial districts. La. Const. Art. V, § 14 mandates that the state “shall be divided into judicial districts, each composed of at least one parish and served by at least one district judge.” (Emphasis added). There are forty-one “judicial districts ” in Louisiana. La. R.S. 13:477. (Emphasis added). The entire parish of St. John the Baptist comprises the 40th judicial “district.” La. R.S. 13:477(40). (Emphasis added).
Mr. Snyder essentially seeks to assign “district” a fourth meaning: “divisions” of district courts. In support of this argument, Mr. Snyder primarily relies on a 1991 federal consent decree as well as La. R.S. 13:582 and La. R.S. 13:621.40.
|fiMi*. Snyder’s reliance on the federal consent decree is misplaced. The consent decree resulted from a judicial finding that several Louisiana judicial districts, including the 40th, violated Section 2 of the *241 Voting Rights Act of 1965 for minority vote dilution. See Clark v. Edwards, 725 F.Supp. 285 (M.D.La.1988). To remedy this violation, the consent decree divided the 40th judicial district into three subdis-tricts, each of which corresponded to three divisions of the court: Divisions A, B, and C, and to which specific voting precincts were assigned. Subdistrict 2 (Division A) was created as the minority subdistrict. This consent decree did not establish candidacy qualifications for district judges and did not impose any domiciliary requirements on district judges beyond those provided by the law in effect at that time.
As for Mr. Snyder’s reliance on the revised statutes, La. R.S. 13:582 mandates that “[tjhere shall be separate and distinct divisions of the various district courts having two or more duly elected or appointed judges, for the purpose of nomination and election of judges only.” Since the 40th JDC is composed of three judges, see La. R.S. 13:621.40,[3] La. R.S. 13:582 mandates that it must contain “separate and distinct divisions.” Because these divisions shall be “for the purpose of nomination and election of judges only,” Mr, Snyder seems to somehow argue that to qualify as a candidate for a division of a district court, the candidate must be domiciled within the precinct boundaries of that division.
This argument is not supported by the plain language of these revised statutes and fails to acknowledge La. R.S. 13:584, which expounds upon the “nomination and election” language of La. R.S. 13:582, providing: “[a] candidate for nomination and election to the judgeship of any such district court, at the time of filing his declaration as a candidate therefor, shall designate only one division of the court for the presiding judgeship of which he is a candidate.” La. R.S. 13:582 |fiand La. R.S. 13:584 only require a candidate for a district court to specify the division of court for which he is a.candidate. These statutes make no reference to a domicile requirement or any other qualifications for the office. Those qualifications are expressly set forth in La. Const. Art. V, § 24, which unambiguously declares that a district court judge must be domiciled “in the respective district, circuit, or parish[.]” While “district” may refer to one of the three types of “districts” discussed above, there is no support for Mr. .Snyder’s contention that it also refers to individual “divisions” of district courts.
It is without difficulty that we hold that Louisiana law does not require a candidate for a division of a district court to be domiciled within the precinct boundaries or any other geographic boundaries of that division. We further hold that for district court judges, “district,” as used La. Const. Art. V, § 24, refers to one of the forty-one judicial districts across the state.
Therefore, accepting as true all facts pled in Mr. Snyder’s petition, we conclude there is no legal basis for Mr. Snyder’s objection to Mr. Perilloux’s candidacy. Because the law does not afford Mr. Snyder a remedy on the facts as pled, the district court correctly sustained Mr. Peril-loux’s peremptory exception of no cause of action.

Frivolous Appeal

Mr. Perilloux answered this appeal in accordance with La, C.C.P. art. 2133 seeking sanctions for a frivolous appeal pursuant to La. C.C.P. art. 863, La. C.C.P. art. 2164, and La. R.S. 18:1432(B). Mr. Perilloux also moved for sanctions in the district court; however, the district *242 declined to rule on that motion, holding it in abeyance. As a result, that issue is not before us< - :
Oh appeal, we are authorized to impose sanctions for a frivolous appeal by virtue of La. C.C.P. art, 2164: See Hampton v. Greenfield, 618 So.2d 859, 862 (La.1998). Only the trial court is authorized to impose sanctions pursuant to La. |7C.C.P. art. 863 and La. R.S. 18:1432(B). See id.; Norris v. Gould, 03-1876 (La.App. 1 Cir. 9/05/03), 854 So.2d 448, 452, writ denied, 03-2492 (La.9/10/03), 853 So.2d 611. Accordingly, our analysis begins- with La. C.C.P. art. 2164, which provides in pertinent part: “The court [of appeal] may award damages, including attorney fees, fqr, frivolous appeal or application for . writs, and may tax the costs of the lower, or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
This provision is penal in nature and is to be strictly construed. Thomas v. Robinson, 15-82 (La.App. 5 Cir. 9/23/15), 176 So.3d 698, 703. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals, Id. at 704.. Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact or law. Id. An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advancing. Id.
It is apparent to this Court that Mr. Snyder filed this appeal in his effort to disqualify Mr. Perilloux. This conflicts with the policy that election laws should promote rather than defeat candidacy. See Trosclair v. Becnel, 14-676 (La.App. 5 Cir. 9/09/14), 150 So.3d 324, 327. Of course, we do not suggest that compliance with election laws, and specifically candidacy qualifications, is anything less than mandatory. Nor do we suggest that Mr. Snyder may not object to another candidate’s qualifications. However, when a trial court determines an objection to candidacy has no legal basis and the plaintiff presses forward on appeal with a convoluted argument that has no reasonable basis in law, this Court will not idly stand by. We conclude that this appeal is frivolous and that an award of attorney’s fees is warranted. Pursuant to La. C.C.P. art. 2164, we award $2,500.00 in ^attorney’s fees to Mr. Perilloux for defending this frivolous appeal, and' further assess the costs of this appeal against Mr. Snyder.
DECREE
For the foregoing reasons, we affirm the August 1, 2016 judgment of the district court sustaining Mr, Perilloux’s peremptory exception of no cause of action and dismissing Mr. Snyder’s objection to Mr. Perilloux’s candidacy. We award $2,500.00 in attorney’s fees to Mr. Perilloux and assess the costs of this appeal against Mr. Snyder.
AFFIRMED

. This appeal is considered en banc in accordance with La. R.S. 18:1409(H). Judge Robert A. Chaisson and Judge Stephen J. Win- ■ dhorst both recused and took no part in the consideration or decision of this case. Judge Lee V. Faulkner, Jr. participated in the consideration and decision of this case pursuant to his assignment pro tempore to this Court by the Louisiana Supreme Court in accordance with La. Const. Art. V, § 5(A).

. Although denying certiorari review, the Louisiana Supreme Court expressed its opinion on the merits, stating: "Considering the Official Journal of the Constitutional Convention of 1973, providing the history of Article V, §§ 9 & 24 of the 1974 Louisiana Constitution, as well as Article VII, § 22 of the 1921 Constitution, we find the result reached by the lower courts is correct.”

. La. R.S. 13:621.40 provides: "The Fortieth Judicial District Court shall have ' three judges.”