MURPHY, J.
| jAppellant, Sharon Sylvester, proceeding in forma pauperis and appearing in proper person, appeals the trial court judgment granting the Exception of No Right of Action filed by the succession representative. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
This seemingly simple succession has a long and contentious procedural history. While the succession litigation involved parsing decedent’s interest in numerous pieces of property, the instant appeal concerns only two distinct pieces of property, 1208-1210 South Rampart Street and 1212-1214 South Rampart Street.
Sharon Sylvester (“Sharon”) is the surviving spouse of Anthony Sylvester, Sr., who died testate on January 9, 2005. Decedent was survived by four major children, who were the sole legatees of his estate. Sharon opened the succession proceedings by filing a petition to be appointed admin-istratrix of the estate on January 31, 2005. In March of 2005, decedent’s first wife and mother of his children, Joyce M. Sylvester (“Joyce”), filed an opposition to Sharon’s application to be appointed administratrix. In a consent judgment dated March 24, 2010, Sharon and Joyce were named co-independent administratrices of the estate. On November 19, 2010, Joyce filed a petition to partition the property held in co-ownership. On August 13, 2014, the district court signed a final partition judgment, which, among other things, (1) declared Sharon to be the full owner of 1212-1214 South Rampart Street, (2) determined that Sharon had no usufruct over decedent’s share of the community property because decedent’s testament disposed of decedent’s share of the community property, and (3) adopted the special master’s finding that the community did not include 1208-1210 South Rampart Street as decedent’s business, Anthony’s Plumbing, L.L.C—of which decedent was |2the only member—owned the property. These holdings were affirmed. Succession of Sylvester, 15-125 (La.App. 5 Cir. 12/9/15), 181 So.3d 250, writ denied, 16-350 (La. 5/20/16), 191 So.3d 1066.
On February 3, 2016, Sharon filed a pleading entitled “Rule to Show Cause why Joyce Sylvester, Sole Administrator herein Should Not Be Taxed with Fines and Damages for Neglect of Succession Property,” seeking fines and other damages against Joyce for her alleged failure to maintain 1208-1210 South Rampart Street and 1212-1214 South Rampart Street and for her failure to appear at a November 2015 administrative hearing at which, Sharon represents, the City of New Orleans (the “City”) levied fines against both of these properties. Joyce responded with Exceptions of No Cause of Action and No Right of Action. Following a hearing, the trial court issued a judgment granting Joyce’s Exceptions of No Right of Action and of No Cause of Action and dismissing Sharon’s Rule to Show Cause.
*371 LAW AND DISCUSSION
The purpose of the peremptory exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Dufrene v. Insurance Co. of State of Pennsylvania, 01-47 (La.App. 5 Cir. 5/30/01), 790 So.2d 660, 668. The burden of proof of establishing the exception of no right of action is on the exceptor. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La. 3/2/99), 739 So.2d 748, 755. The exception of no right of action tests whether the plaintiff has a “real and actual interest” in the action, but it does not raise questions of the plaintiffs ability to prevail on the merits or whether the defendant may have a valid defense. Lemmon Law Firm, LLC v. Sch. Bd. of St. Charles, 13-376 (La.App. 5 Cir. 12/12/13), 131 So.3d 231, 236. At the hearing on the exception of no right of action, the ^exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. An appellate court reviewing a lower court’s ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. Eagle Pipe & Supply, Inc. v. Amerada Hess Corp., 10-2267 (La. 10/25/11), 79 So.3d 246, 256. The determination whether a plaintiff has a right to bring an action raises a question of law, which requires de novo review. Id.
Louisiana Code of Civil Procedure article 3191 provides in pertinent part: “A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law.” This fiduciary duty extends to legatees, creditors, and heirs. Succession of Linder, 11-633 (La.App. 5 Cir. 5/22/12), 92 So.3d 1158, 1172.
In the pleading which is the subject of this appeal, Sharon alleged that:
1. Joyce as the succession representative had a fiduciary duty to preserve the property of the succession pursuant to La. C.C.P. art. 3191;
2. this duty includes the duty to repair pursuant to La. C.C.P. art. 3211;
3. the “Rampart properties,” which are listed as “1208, 1210, 1212-1214 S. Rampart St.,” were previously preserved during the joint administration of Sharon and Joyce, had deteriorated during the sole administration of Joyce;
4. code violations were found by the city of New Orleans on the “Rampart St.” properties on January 28, 2015 and a judgment was issued on November 4, 2015 imposing fines for these violations;
1,5. the final partition judgment did not become final until October 23, 2015 when the Louisiana Supreme Court denied writs from the partition judgment.
In the Exception of No Cause of Action, Joyce argued that all causes of action Sharon had against Joyce should have been brought prior to the rendition of the partition judgment. Using this reasoning, Joyce argued that Sharon had no cause of action because these claims were res judicata to the partition judgment. In the Exception of No Right of Action, Joyce argued that the fiduciary duty of the succession representative extends to legatees, creditor, and heirs. Because Sharon was neither a legatee, creditor, nor an heir, she did not have standing to bring an action against Joyce under La. C.C.P. art. 3191 and 3211 for neglect.
*372 These arguments were repeated at the hearing on the exceptions. At the conclusion of the hearing, the trial judge stated that the “exception of no right of action” is granted.
The succession representative is a fiduciary to the succession and has the duty to collect, preserve, and manage the property of the succession in accordance with law. La. O.C.P. art. 3191. This fiduciary duty extends to legatees, creditors, and heirs of the succession. Succession of Linder, supra.
With respect to 1208-1210 South Rampart Street, Sharon does not have a right of action because she does not have a legal interest in this property. The final partition judgment recognized this property as the separate property of the decedent and determined that decedent left no testamentary usufruct to Sharon. Therefore, Sharon is not a legatee of the estate and she has no legal interest in this piece of property.
Concerning the 1212-1214 South Rampart Street property, Joyce had no fiduciary duty to preserve and manage this property at the time the City issued the citation for code violations. The timeline here is critical Sharon claims that Joyce his personally liable for the damage sustained because the City found code violations at this property on January 28, 2015 and the final partition judgment did not become valid and enforceable until March 10, 2015. This assertion is incorrect. After the district court issued the final partition judgment on August 13, 2014, the distinct court granted Sharon a suspensive appeal and set the appeal bond at $65,000. Joyce filed a motion to traverse the appeal bond. Following a hearing on the sufficiency of the bond, the district court signed a judgment on January 20, 2015, converting Sharon’s suspensive appeal into a devolu-tive appeal, and the clerk of court issued a notice of signing judgment. The same day, Sharon filed a request for written reasons. On March 10, 2015, the district court issued a document it entitled a “judgment,” which contained no decretal language and which does not vacate the January 20, 2015 judgment. The substance of the judgment suggests the court intended for this document to serve only as its written reasons for judgment and not as the judgment itself. Nevertheless, the minute entry refers to this document as a “judgment.” Although Sharon attempts to cast the March 10, 2015 written reasons for judgment as the court’s judgment, the district court unequivocally converted Sharon’s suspensive appeal to a devolutive appeal on January 20, 2015. Moreover, the record also includes an “Ex Parte Motion for Stay Pending Writ application,” filed on February 25, 2015, in which Sharon sought a stay of the district court’s January 20, 2015 “signed judgment converting the suspensive appeal previously taken by the mover to a devolutive appeal” (emphasis added). The district court denied Sharon’s motion for stay, and the Fifth Circuit[1] and Louisiana Supreme Court[2] subsequently denied her application for supervisory writs. Thus, as a factual matter, Joyce did not have responsibility to maintain property that belonged to Sharon at the time the violations were levied. Because 1212-1214 South Rampart Street did not belong to | fithe estate at the time the City levied the fines of which Sharon complains, Sharon did not have a right of action against Joyce for these fines.
Accordingly, the trial court properly maintained Joyce’s exception of no right of action pursuant to La. C.C.P. art. 3191. This finding pretermits a discussion of *373 Sharon’s assignment of error regarding the exception of no cause of action.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the Exception of No Right of Action is affirmed.[3]
AFFIRMED

. In re: Succession of Anthony Sylvester, Sr., 15-219 (La. App. 5 Cir. 4/29/15).

. In re: Succession of Anthony Sylvester, Sr., 15-1068 (La. 9/11/15), 176 So.3d 1044.

. On appeal, Sharon also argues that the trial judge erred in setting the appeal bond for this appeal. The arguments regarding the appeal bond are moot. Sharon did not pay the bond due to her pauper status and the appeal proceeded without delay.