STATE OF LOUISIANA IN THE INTEREST OF
E. M.

NO. 22-C-34

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

March 25, 2022

Nancy F. Vega
Chief Deputy Clerk

IN RE STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY SERVICES

APPLYING FOR SUPERVISORY WRIT FROM THE JEFFERSON PARISH JUVENILE COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MARK J. DOHERTY, JUDGE AD HOC, DIVISION "C", NUMBER 2021-TP-1

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst

## WRIT GRANTED; RULING REVERSED; MATTER REMANDED

Relator, the State of Louisiana, Department of Children and Family Services ("DCFS"), seeks this Court's supervisory review of the juvenile court's January 4, 2022 oral ruling which granted the peremptory exception of no cause of action filed by defendant, J.P., as to DCFS's Petition for Termination of Parental Rights filed against J.P. For the following reasons, we grant the writ application, reverse the trial court's ruling which granted the exception of no cause of action, and remand the matter to the trial court for further proceedings.

On June 4, 2021, DCFS filed a Petition for Termination of Parental Rights, alleging that J.P. abandoned E.M., his minor child. In its petition, DCFS alleged that the court previously terminated the rights of E.M.'s mother, Y.M., and J.D., the man who was previously identified as E.M.'s father. Subsequently, J.P. was identified as the father of E.M. following DNA testing. The petition alleged that J.P. has taken no action to acknowledge paternity, enroll on the putative father registry, or otherwise record his paternity of the child. DCFS claimed that J.P.'s parental rights should be terminated pursuant to La. Ch.C. art. 1015(5) because he has failed to provide significant contributions to E.M.'s care and support and has failed to maintain significant contact with E.M. for six consecutive months, from September 5, 2019 until the Petition for Termination of Parental Rights was filed.

In response, J.P. filed a peremptory exception of no cause of action. In his exception, J.P. argued that DCFS has not stated a cause of action against him since none of the provisions of La. Ch.C. art. 1015 apply to him. Specifically, he argued that he was not informed by E.M.'s mother that he was the father of the child, he

was not named on child's birth certificate, and the child's mother, Y.M., did not demand child support from him.  He argued that from September 5, 2019, when the child was placed in the State's custody, until he learned the results of the DNA test in April 2021, he did not know about E.M.'s existence and thus cannot be responsible for not complying with the provisions of La. Ch.C. art. 1015.

The matter came on for a hearing on January 4, 2022, and following arguments, the juvenile court granted the exception of no cause of action in open court.  In extensive written reasons for judgment signed that same day, the juvenile court found that relying on September 5, 2019 as the date marking the start of the abandonment period is arbitrary and misplaced, considering that J.P. was not factually aware that he was the father of E.M. until nineteen months later.  The juvenile court found that the abandonment period should begin in April 2021, when J.P. was notified of the DNA test results.  The court then considered the actions J.P. took after April 2021 and found that DCFS could not meet its burden of proof to show abandonment for a period of six months.  After a review of the facts of the case, the juvenile court found that DCFS could not meet its burden of proof to show six consecutive months of J.P.'s failure to financially support E.M. and six consecutive months of his failure to visit or communicate with her.  The court stated: "There is nothing in the record of the father's actions to suggest that, once he had knowledge that he was the father of the child, that [sic] he desired to permanently avoid his parental responsibility regarding [E.M.].  In fact, the opposite is almost inescapable."

In reviewing a trial court's ruling on a peremptory exception of no cause of action, an appellate court considers this question of law *de novo*.  *Am. Rebel Arms, L.L.C. v. New Orleans Hamburger & Seafood Co*., 15-599 (La. App. 5 Cir. 2/24/16), 186 So.3d 1220, 1222.  The function of the exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition.  In other words, the exception tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading.  The exception is triable only on the face of the petition, accepting as true the well-pleaded facts therein.  Thus, the standard for granting an exception of no cause of action is not the likelihood that the plaintiff will prevail at trial; rather, it is whether, on the face of the petition, accepting all allegations as true, the petition states a valid cause of action for relief.  *Id*.  If the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action generally should be overruled.  *Everything on Wheels Subaru, Inc. v. Subaru S., Inc*., 616 So.2d 1234, 1236 (La. 1993).  On review, the appellate court asks whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action.  *Am. Rebel, supra*.

Upon *de novo* review, accepting as true the well-pleaded facts asserted in the Petition for Termination of Parental Rights, we find that the allegations contained therein assert a valid cause of action against J.P.  We find that the trial court erred in judging the merits of the claims asserted in the petition (rather than simply accepting as true the well-pleaded facts asserted therein) and in sustaining the exception of no cause of action filed by J.P.  We accordingly grant the writ

application, reverse the trial court's ruling which granted the exception of no cause of action, and remand the matter to the trial court for further proceedings.[1]

Gretna, Louisiana, this 25th day of March, 2022.

**JGG**
**RAC**
**SJW**

---

[1] Nothing herein should be construed as judging the merits of the petition.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **03/25/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-34**

### E-NOTIFIED

Juvenile Court (Clerk)
Honorable Mark J. Doherty (DISTRICT JUDGE)
Hon. Barron C. Burmaster (DISTRICT JUDGE)
Kirby N. Kenny (Respondent)
Lori L. Dunn (Respondent)
Mary R. Mustaller McMillan (Respondent)

### MAILED

Katherine M. Dowling (Relator)
Attorney at Law
Department of Children and Family
Services
1450 Poydras Street
Suite 1600
New Orleans, LA 70112

MAR 2 5 2022

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

K. Dowling #22-C-34
Dept Children & Family Svs
1450 Poydras, #1600
New Orleans, LA 70112

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3552 27

2. Article Number
7016 2070 0000 0954 5659

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Sharon L Graham  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Sharon L Graham   3/29/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

MAR 2 5 2022

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hon. Mark Doherty
JP Juvenile Court
PO Box 1900
Harvey, La 70059F

9590 9402 2434 6249 3552 34

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 5642

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

MAR 28 2022
SECURITY

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt